# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------- x
IN RE:  ASBESTOS PRODUCTS                  :
LIABILITY LITIGATION (NO. VI)              :        CIVIL ACTION NO. MDL 875
------------------------------------------------------- x
This Document Relates To:                  :
------------------------------------------------------- x
LINDA ELLIS, Individually and as Special   :
Administrator of the Estate of WALTER TOM, :        Transferee E.D. Pa.
Deceased,                                  :           Case No. 2:11-CV-66774-ER
                                           :
                   Plaintiff,              :        Transferor C.D. Ill.
                                           :           Case No. 11-CV-01128
            v.                             :
                                           :
PNEUMO ABEX CORP., et al.,                 :
                                           :
                   Defendants.             :
------------------------------------------------------- x
```

## DEFENDANT OWENS-ILLINOIS, INC.'S
## LOCAL RULE 7.1(c) BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Matthew J. Fischer
Stephen M. Copenhaver
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................. 1

II.    LEGAL STANDARD ........................................................................................... 4

     A.    The Summary Judgment Standard. ...................................................................4

     B.    The Applicable Law of Illinois. .........................................................................5

III.   ARGUMENT ......................................................................................................... 5

     A.    Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's
           "Exposure Counts" (Counts 4–6). ....................................................................5

           1.    The Applicable Standard Under Illinois Law. ...................................5

           2.    The Record Contains No Evidence of Exposure to an Owens-
                 Illinois Asbestos-Containing Product. ...............................................7

     B.    Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's
           Conspiracy Counts (Counts 1–3, 7–9). .............................................................8

           1.    The Elements of a Conspiracy Claim Under Illinois Law. ...............9

           2.    The Illinois Supreme Court's Decision in *McClure*. .......................11

           3.    Plaintiff's Burden Under Illinois Law. ............................................12

                 a.    The "Clear and Convincing" Standard Applies at Summary
                        Judgment. ...............................................................................12

                 b.    The "Innocent Construction" Rule Also Applies at Summary
                        Judgment. ...............................................................................14

           4.    Plaintiff's Evidence Is Insufficient Under the Principles of
                 *McClure* and *Rodarmel* to Show Conspiracy. .................................14

                 a.    Mere "Parallel Conduct" Is Insufficient to Prove Conspiracy .............16

                 b.    The Mere Exchange of Information Does Not Support an
                        Inference of Agreement. ........................................................17

                 c.    Owens-Illinois's Ordinary Business Contacts Are Not
                        Evidence of Conspiracy. ........................................................17

                 d.    Common Directors Between Owens-Illinois and Other
                        Companies Is Not Sufficient Evidence of Conspiracy. ..........18

                 e.    The Combination of All of Plaintiff's "Evidence" Fails to
                        Support an Inference of Conspiracy. .....................................18

                 f.    Evidence of Differing Conduct Prohibits an Inference of
                        Agreement. .............................................................................19

       5.    Plaintiff Has No Evidence that an Act in Furtherance of the Alleged Conspiracy Caused Harm to Mr. Tom. ...............................................19

       6.    Owens-Illinois Cannot Be Liable in Conspiracy in the Absence of a Duty Owed to Plaintiff. .........................................................................20

   C.   Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's Loss of Consortium Counts (Counts 3, 6, 9). .......................................................................23

**IV.**    **CONCLUSION** ........................................................................................... **24**

## I.     __INTRODUCTION__

Plaintiff alleges that her decedent, Walter Tom, contracted lung cancer and died as a result of his alleged exposure to asbestos.  (*See* Am. Compl., Count 1, ¶ 12, attached as **Ex. A**.) Plaintiff alleges that Mr. Tom was exposed to asbestos while serving in the United States Navy from 1969 to 1973 and while employed by NASA from 1973 to 1979.  (*Id.* at Count 1, ¶ 1–5.) Plaintiff also alleges that Mr. Tom was exposed to asbestos as a result of performing home automotive repair in the 1960s.  (*Id.*)

As to Owens-Illinois, Plaintiff asserts two theories of recovery.  First, Plaintiff asserts a cause of action for negligence, alleging that Mr. Tom contracted lung cancer as a result of his alleged exposure to an asbestos-containing product manufactured by Owens-Illinois.  (*Id.* at Counts 4–6.)  Second, Plaintiff asserts a "conspiracy theory" against Owens-Illinois and other defendants, seeking to hold those defendants liable for what she claims is bad conduct by other, primarily bankrupt, companies.  (*Id.* at Counts 1–3, 7–9.)

The relevant facts about Owens-Illinois are not disputed.  Owens-Illinois is, and always has been, primarily a glass company.  For a period of ten years from 1948 to April 1958, however, it made and sold commercial quantities of a high temperature pipe covering and block insulation called "Kaylo."   On April 30, 1958, Owens-Illinois sold the "Kaylo" business to Owens Corning Fiberglas Corporation — a separate company that continued to manufacture and sell "Kaylo" into the early 1970s.  Owens-Illinois did not make or sell "Kaylo," or any other asbestos-containing insulation product, after April 30, 1958.[1]

Plaintiff alleges that Mr. Tom was exposed to asbestos-containing products manufactured, sold, or distributed by twelve of the defendants, including Owens-Illinois.  (*See* Ex. A, Count 4; *see also* Amendment to Am. Compl., Count 10, attached as **Ex. C**.)  In addition,

---

[1]  *See* Owens-Illinois's Resp. Interrogs. 12, attached as **Ex. B**.

Plaintiff alleges that Mr. Tom was exposed to asbestos-containing products manufactured by Johns-Manville, Unarco, and Owens Corning.  Although she claims that Mr. Tom was exposed to their products, Plaintiff did not name these three companies as defendants in this case, presumably because they declared bankruptcy as a result of their asbestos liabilities in 1982, 1982, and 2000, respectively, and Plaintiff therefore cannot recover from them in the tort system.

Although Plaintiff alleges that Mr. Tom was exposed to an Owens-Illinois asbestos-containing product, she lacks any evidence whatsoever to show any connection or relationship between Owens-Illinois and Mr. Tom.  There is no evidence in the record that Mr. Tom ever purchased, handled or was exposed to any Owens-Illinois asbestos-containing product.  There is similarly no evidence that Mr. Tom was ever present while others used such a product.  Indeed, there is no evidence in the record that Owens-Illinois Kaylo was even present on any of the ships or job sites on which Mr. Tom is alleged to have worked.  There is no evidence that Mr. Tom ever saw an advertisement for an Owens-Illinois asbestos-containing product or saw a box of Owens-Illinois Kaylo.  There is no evidence that Mr. Tom ever worked for Owens-Illinois, set foot on Owens-Illinois premises, or communicated in any way with Owens-Illinois or its employees.  Counts 4, 5 and 6 survive only if there is sufficient evidence of exposure to asbestos from an Owens-Illinois product and there is none.

Plaintiff seeks to circumvent the absence of any connection between Owens-Illinois and her decedent by alleging a vast conspiracy conducted over decades among companies that manufactured asbestos-containing products including the products that allegedly harmed Mr. Tom.  (*See* Ex. A, Counts 1, 7.)  Plaintiff thus tries to avoid her obligation of proving proximate causation against Owens-Illinois by urging derivative liability for other companies' failure to warn Mr. Tom of the hazards of exposure to asbestos.

Plaintiff makes these conspiracy allegations, which are brought under Illinois law, in the face of an Illinois Supreme Court decision which reviewed Plaintiff's "conspiracy" evidence and ruled that it was insufficient as a matter of law to find Owens-Illinois liable for conspiracy, *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 720 N.E.2d 242 (1999), and in the face of a recent decision by the Illinois Appellate Court holding that the defendants were entitled to judgment notwithstanding the verdict in conspiracy cases with similar allegations brought by the same plaintiffs' counsel as represents Plaintiff here. *Rodarmel v. Pneumo Abex, LLC,* 957 N.E.2d 107 (Ill. App. Ct. 4th Dist. 2011). Owens-Illinois was not a party to the *Rodarmel* appeal, but *Rodarmel* relies heavily on *McClure*, and Owens-Illinois has been awarded summary judgment in several post-*Rodarmel* decisions.[2]

There is simply no relationship between Mr. Tom and Owens-Illinois and no evidence that would support a duty owed to Plaintiff by Owens-Illinois. There is no evidence that any conduct or omission by Owens-Illinois ever caused any injury to Plaintiff. Ultimately, Plaintiff seeks to hold Owens-Illinois liable for the past conduct of other companies, most of whom are now bankrupt. Illinois law does not permit that result. *McClure,* 188 Ill. 2d at 142, 720 N.E.2d at 262 (holding that manufacturers are not insurers of their industry.) Summary judgment should be granted in Owens-Illinois's favor because: (1) Plaintiff has insufficient evidence to support her allegations of exposure to Owens-Illinois's asbestos containing product; (2) there is no

---

[2] In fact, Owens-Illinois has been awarded judgment on Plaintiffs' conspiracy claims by every court that has considered the issue since the Illinois Fourth Appellate District issued its opinion in *Rodarmel*. *See Garrelts v. Honeywell Int'l, et al.* No. 11-L-121 (Ill. Cir. Ct. McLean Cnty. Feb. 7, 2012) (Order attached as **Ex. D**) (granting summary judgment in Owens-Illinois's favor on plaintiffs' conspiracy counts); *Hendricks/Gore v. Pneumo Abex, et al.*, No. 06-L-21 (Ill. Cir. Ct. McLean Cnty. Apr. 30, 2012) (Order attached as **Ex. E**) (same); *Dunham v. Pneumo Abex, et al.*, No. 08-L-158 (Ill. Cir. Ct. McLean Cnty. June 1, 2012) (Order attached as **Ex. F**) (entering judgment in Owens-Illinois's favor on plaintiff's conspiracy claims); *Bowles v. Pneumo Abex*, No. 09-L-65 (Ill. Cir. Ct. Adams Cnty. June 28, 2012) (Order attached as **Ex. G**) (granting summary judgment in favor of Owens-Illinois on plaintiff's conspiracy counts); *Poole v. Pneumo Abex, et al.*, No. 06-L-9 (Ill. Cir. Ct. Morgan Cty. June 29, 2012) (same) (Order attached as **Ex. H**).

evidence to support the elements of a conspiracy cause of action against Owens-Illinois; and (3) Owens-Illinois owed no duty to Mr. Tom.

## II.   LEGAL STANDARD

### A.   The Summary Judgment Standard.

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact."  *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).  A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.  "Summary judgment must be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law."  *Orson Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  "When the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case."  *Id.*

B.     **The Applicable Law of Illinois.**

This case was initially filed in the Circuit Court of McLean County Illinois and was subsequently removed to the Central District of Illinois pursuant to 28 U.S.C. §1446(b).  (*See* Notice of Removal, attached as **Ex. I**.)  To determine what substantive law governs, a federal transferee court in diversity jurisdiction applies the choice-of-law rules of the state in which the action was initiated.  *See Van Dusen v. Barrack*, 376 U.S. 612, 637–40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Plaintiff's claims are brought under the Illinois Wrongful Death Act and the Illinois Survival Act, and thus Illinois substantive law governs her claims.  *Bonner v. Union Pacific. Railroad Co.*, No. 06-226-DRH, 2007 WL 2802606 (S.D. Ill. Sept. 24, 2007) ("Plaintiff brings her claim under the Illinois Wrongful Death Act and, therefore, Illinois law applies.")  Owens-Illinois requests that the Court apply Illinois substantive law.

III.   **ARGUMENT**

A.     **Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's "Exposure Counts" (Counts 4–6).**

Counts 4 through 6 of Plaintiff's Amended Complaint allege that Owens-Illinois is liable to Plaintiff because Mr. Tom was exposed to an Owens-Illinois asbestos-containing product that allegedly caused him to develop lung cancer.  There is no evidence in the record, however, that Mr. Tom ever worked with or around Owens-Illinois Kaylo, let alone the necessary evidence of so frequent, regular, and proximate exposure that it was a substantial factor in causing his lung cancer under Illinois law.  Summary judgment is therefore properly granted.

1.     **The Applicable Standard Under Illinois Law.**

To survive summary judgment under Illinois law, plaintiff must produce evidence in an asbestos case showing that:  (1) the defendant owed a duty of care to him; (2) the defendant

breached that duty; and (3) he incurred injuries proximately caused by that breach. *Nolan v. Weil-McLain*, 233 Ill. 2d 416, 441, 910 N.E.2d 549, 562 (Ill. 2009); *Thacker v. UNR Indus.*, 151 Ill. 2d 343, 362–63, 603 N.E.2d 449, 458–59 (Ill. 1992).  On the issue of proximate causation, plaintiff must show:  (1) he was exposed ***frequently***, ***regularly***, and ***proximately*** to the product at issue; and (2) that such exposure was a substantial factor in causing his injury.  *See Nolan*, 233 Ill. 2d at 432–34, 910 N.E.2d at 558–59; *Thacker*, 151 Ill. 2d at 362–63, 603 N.E.2d 458–59. That is, "plaintiff must 'produce evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" *Donaldson v. Cent. Ill. Pub. Serv. Co.*, 199 Ill. 2d 63, 91, 767 N.E.2d 314, 332 (Ill. 2002) (quoting *Thacker*, 151 Ill. 2d at 363, 603 N.E.2d at 449); *see also Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97 (7th Cir. 1992) (Illinois law) (affirming summary judgment where plaintiff lacked evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked)

The Illinois Supreme Court has reemphasized recently that "[a] plaintiff alleging personal injury in any tort action — including asbestos cases — must adduce sufficient proof that the defendant caused the injury . . . [and] proof which relies on conjecture, speculation or guesswork is insufficient."  *Nolan*, 233 Ill. 2d at 434, 910 N.E.2d at 558.  Therefore, "in order to survive a motion for summary judgment on the issue of exposure to a defendant's asbestos product, the plaintiff must put forth some evidence tending to show that (1) the decedent regularly worked in an area where the defendant's asbestos was frequently used and (2) the decedent worked close enough to this area to come into contact with the defendant's product." *Johnson v. Owens-Corning Fiberglass Corp.*, 284 Ill. App. 3d 669, 677, 672 N.E.2d 885, 890–91 (Ill. App. Ct. 3d Dist. 1996).  Where, as here, a plaintiff lacks such evidence, summary judgment is properly

entered.  *Thacker*, 151 Ill. 2d at 362–63, 603 N.E.2d 458–59; *Shine*, 979 F.2d at 97; *Johnson*,

284 Ill. App. 3d at 677, 672 N.E.2d at 890–91.

      **2.**      **The Record Contains No Evidence of Exposure to an Owens-Illinois Asbestos-Containing Product.**

      In this case, Owens-Illinois is entitled to summary judgment because there is simply <u>no</u>

<u>evidence</u> that Mr. Tom was *ever* exposed to *any* asbestos-containing product manufactured or

sold by Owens-Illinois, let alone evidence of exposures that occurred on a frequent, regular and

proximate basis to satisfy Plaintiff's burden of causation under Illinois law.

      Plaintiff's total lack of evidence is unsurprising because Owens-Illinois had ceased the

manufacture and sale of its "Kaylo" insulation product more than a decade prior to Mr. Tom's

first alleged exposure to asbestos.  Mr. Tom joined the Navy on June 26, 1969, <u>eleven years after</u>

Owens-Illinois exited the asbestos-containing thermal insulation business.  *See* Tom Naval

Record, attached as **Ex. J**; *see also supra* § III.A.1.  Plaintiff does not allege that Mr. Tom was

exposed to asbestos prior to the time he joined the Navy.  *See* Ex. A, Count 1 (alleging first

exposure in 1969).

      Mr. Tom is deceased and did not provide testimony in this matter.  The only exposure

witnesses "disclosed" by Plaintiff in this case were not identified until one month after the close

of discovery.[3]  (*See* Pl.'s Disclosure, ECF. No. 21.)  Both of those witnesses purportedly served

with Mr. Tom aboard the USS Sylvania.  (*Id.*)  The USS Sylvania, however, was not laid down

until 1962—several years *after* Owens-Illinois ceased the manufacture and sale of its Kaylo

product.[4]  Thus, the sum total of Plaintiff's exposure evidence is an affidavit belatedly filed by

---

[3] Owens-Illinois reserves the right to challenge the timeliness of Plaintiff's disclosure.  However, Owens-Illinois does not do so herein because, even Plaintiff's disclosure was timely, it does nothing to create a fact issue as to Owens-Illinois which could prevent the entry of summary judgment.

[4] *See* United States Department of Defense.  *Dictionary of American Naval Fighting Ships*. ONLINE. October 21, 2005.  Available: http://www.history.navy.mil/danfs/s21/sylvania-ii.htm [8 Jul. 2012] (attached as **Ex. K**.)  This

Plaintiff in which the one of Plaintiff's witnesses, without foundation, states that there were asbestos-containing products aboard a ship that was not even built until well after Owens-Illinois sold its Kaylo business.  (*See* Pl.'s Suppl. Witness Disclosure, ECF No. 29.)   Unsurprisingly, the affidavit does not mention Owens-Illinois or state that Mr. Tom *ever* worked with or around any product manufactured or sold by Owens-Illinois.  (*Id.*)  Indeed, the affidavit fails to identify a *single* asbestos-containing product or the frequency, regularity or proximity of Mr. Tom's alleged exposures.

Plaintiff is without any evidence whatsoever that Mr. Tom was ever exposed to any Owens-Illinois product, much less that such exposures occurred on a regular, frequent and proximate basis.   For this reason, Owens-Illinois is entitled to summary judgment because there is no evidence that any conduct by Owens-Illinois ever caused any injury to Mr. Tom as a matter of law.  *See Nolan*, 233 Ill. 2d at 432–34, 910 N.E.2d at 558–59; *Thacker*, 151 Ill. 2d at 362–63, 603 N.E.2d 458–59.

## B.   Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's Conspiracy Counts (Counts 1–3, 7–9).

Owens-Illinois is also entitled to summary judgment on Plaintiff's conspiracy counts (Counts 1–3; 7–9).   The premise of Plaintiff's conspiracy claims against Owens-Illinois is that Owens-Illinois allegedly agreed with several other companies to suppress information about asbestos and that Mr. Tom contracted lung cancer and died as a result of those other companies' failure to warn him. Plaintiff alleges that Owens-Illinois conspired with a number of companies to suppress and misrepresent information. (Ex. A at Counts 1, 7.)  In her Amended Complaint, Plaintiff alleges:

---

Court may take judicial notice of this information.  *See* Fed. R. Civ. P. 201 (a court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *cf. Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of official information posted on a governmental website.)

[The] Conspirators knowingly conspired and agreed among themselves to, among other things:

a) assert what was not true, that it was safe for people to be exposed to asbestos and asbestos-containing products;

b) fail to provide information about the harmful effects of asbestos to exposed persons.

(Ex. A at Count 1, ¶ 21, Count 7, ¶ 19.)

Plaintiff seeks to prove conspiracy through circumstantial evidence. Thus, Plaintiff must produce clear and convincing evidence that Owens-Illinois agreed with the alleged conspirators to suppress or misrepresent information regarding the health effects of asbestos, *see McClure*, 188 Ill. 2d at 134, and that an act in furtherance of the alleged conspiracy was the proximate cause of Mr. Tom's injury. *See, e.g.*, *Recio v. GR-MHA Corp.,* 366 Ill. App. 3d 48, 60–61, 851 N.E.2d 106, 117–18 (Ill. App. Ct. 1st Dist. 2006) (holding "proximate cause is still a required element of the cause of action for conspiracy," and where there was "no causal connection between the purported conspiracy and [decedent's] injury and subsequent death," plaintiff could not prevail on a conspiracy theory); *Wolf v. Liberis*, 153 Ill. App. 3d 488 (Ill. App. Ct. 1st Dist. 1987) ("The separate elements of civil conspiracy include: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) the overt act was done pursuant to and in furtherance of the common scheme."). Because Plaintiff cannot produce evidence of the agreement element or evidence of proximate cause, Owens-Illinois is entitled to judgment in its favor.

### 1.    The Elements of a Conspiracy Claim Under Illinois Law.

A claim for civil conspiracy under Illinois law requires a plaintiff to prove that a defendant agreed with another and that a tortious or unlawful act was committed in furtherance

of that agreement. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133, 720 N.E.2d 242, 258 (1999); *see Adcock v. Brakegate, Ltd.,* 164 Ill. 2d 54, 63, 645 N.E.2d 888, 894 (1994) ("To state a cause of action for conspiracy, a plaintiff must allege not only that one of the conspirators committed an overt act in furtherance of the conspiracy, but also that such act was tortious or unlawful.") (citing W. Prosser, Torts § 46, at 293 (4th ed. 1971)).

Proof of agreement is a necessary and important element in a civil conspiracy action, *McClure*, 188 Ill. 2d at 133, 720 N.E.2d at 258, but a mere agreement to commit a wrongful act is not a tort. *Id.* (citing W. Prosser, *Torts* § 46, at 293 (4th ed. 1971)). Therefore, in addition to proving an agreement, the plaintiff must prove all of the elements of the underlying tort. If a plaintiff cannot produce sufficient evidence of an agreement, or of each of the elements of the underlying tortious or wrongful act, the defendant is entitled to judgment on the plaintiff's conspiracy claim. *See e.g., Mnyofu v. Bd. of Educ. of Rich Township High Sch. Dist. 227*, 2007 WL 1308523, at *11–12 (N.D. Ill. Apr. 27, 2007) (granting summary judgment for defendants on conspiracy claims where plaintiff had insufficient evidence of agreement); *Henderson v. Hartshorn*, 2011 WL 11464, at *8 (C.D. Ill. Jan. 24, 2011) (same); *Davis v. Times Mirror Magazines, Inc.,* 207 Ill. App. 3d 488, 499, 697 N.E.2d 380, 388 (Ill. App Ct. 1st Dist. 1998) (affirming summary judgment for defendants on civil conspiracy claims based on retaliatory discharge and tortious interference with contract, where plaintiff failed to offer sufficient evidence of retaliation and failed to establish existence of a contract); *Langer v. Becker*, 176 Ill. App. 3d 745, 755, 531 N.E.2d 830, 836 (Ill. App. Ct. 1st Dist. 1988) (affirming summary judgment on conspiracy claims where plaintiff failed to produce evidence sufficient to show element of malice required to find liability for underlying tort); *see also* Exs. D–H (entering judgment in Owens-Illinois's favor on conspiracy claims.)

- 10 -

2.      **The Illinois Supreme Court's Decision in *McClure*.**

In *McClure v. Owens Corning Fiberglas Corp.*, the Illinois Supreme Court scrutinized the allegations of conspiracy and evidence that are also offered by Plaintiff here, and held that evidence insufficient as a matter of law to support a conspiracy claim against Owens-Illinois. 188 Ill. 2d at 107–08, 720 N.E.2d at 790. Just like Plaintiff here, Mr. McClure (the other two plaintiffs only had claims against Owens Corning Fiberglas) was never exposed to Owens-Illinois asbestos-containing products, but nonetheless sought to hold Owens-Illinois liable on the theory that it had conspired to suppress and misrepresent information with other companies whose asbestos-containing products actually caused his injuries. *Id.*

The *McClure* court comprehensively analyzed the plaintiffs' civil conspiracy allegations, supporting proof, and the law of civil conspiracy. It not only reversed the judgment against Owens-Illinois, but took the extraordinary step of ordering the entry of judgment notwithstanding the verdict ("JNOV") in favor of Owens-Illinois. *Id.* at 151–52, 267. No reasonable jury, the Illinois Supreme Court held, could properly conclude that Owens-Illinois conspired as alleged. *See id.* at 147–52, 264–67. Even viewing the evidence presented in the light most favorable to the plaintiffs, "no . . . verdict based on that evidence could ever stand." *Id.* at 132, 257.

It is likely that Plaintiff will argue that *McClure* is inapposite because the issue in that case was JNOV, not summary judgment. But the *McClure* Court articulated the standard it applied as follows:

> Judgment notwithstanding the verdict should not be entered unless the evidence, ***when viewed in light most favorable to the opponent***, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. . . . ***Even reviewing the evidence in the light most favorable to plaintiffs***, we find that it does not permit a reasonable inference of the alleged agreement between [Owens-Illinois] and Unarco or Johns-Manville. At most, these facts are as consistent with innocent as

- 11 -

> guilty conduct. . . . Although the scope of our review of jury verdicts is
> limited, we find that the evidence in this case so overwhelmingly favors
> defendants that judgment notwithstanding the verdict should have been
> granted. . . . ***Even when considered in the light most favorable to
> plaintiffs***, evidence of these contacts was as consistent with innocence as
> with guilt.

188 Ill. 2d at 132, 147, 151–52, 720 N.E.2d at 257, 267 (quotation marks and citations omitted;

emphasis added). This is the same standard applicable to summary judgment.  Indeed, several

federal courts have relied on *McClure* to support the grant of summary judgment based on the

absence of evidence of agreement.  *E.g.*, *Henderson v. Harthsorn*, 2011 WL 11464, at *8 (C.D.

Ill. 2011); *Lynn v. Amoco Oil Corp.*, 459 F. Supp. 2d 1175, 1180–81 (M.D. Ala. 2006).

### 3.   Plaintiff's Burden Under Illinois Law.

*McClure* held that because civil conspiracy is an intentional tort, Plaintiff cannot prevail

on her claims against Owens-Illinois unless she can prove that Owens-Illinois "knowingly and

voluntarily participate[d]" in the conspiracy that she alleges caused her decedent's injuries.

*McClure*, 188 Ill. 2d at 133, 720 N.E.2d at 258 (quoting *Adcock*, 164 Ill. 2d at 64, 645 N.E.2d at

894). And where, as here, a plaintiff seeks to prove a conspiracy through circumstantial

evidence, "that evidence must be clear and convincing." *Id.* at 134; *Ray Dancer, Inc. v. DMC

Corp.*, 230 Ill. App. 3d 40, 50, 594 N.E.2d 1344, 1351 (Ill. App. Ct. 2d Dist. 1992).

### a.   The "Clear and Convincing" Standard Applies at Summary Judgment.

As the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242 (1986), "[i]t makes no sense to say that a jury could reasonably find for either party without

some benchmark as to what standards govern its deliberations and within what boundaries its

ultimate decision must fall, and these standards and boundaries are in fact provided by the

applicable evidentiary standards." 477 U.S. at 254–55.  Thus, "[w]hen determining if a genuine

factual issue [exists], a trial judge must bear in mind the actual quantum and quality of proof

necessary to support liability."  *Id*. at 254. The Illinois Supreme Court agrees. In *Reed*, citing *Anderson*, 477 U.S. at 252, it stated that "a ruling on a motion for a directed verdict or summary judgment necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Reed v. Nw. Pub. Co.,* 124 Ill. 2d 495, 512, 530 N.E.2d 474, 481 (1988). Doing so does not infringe on the jury's functions of weighing the evidence and making credibility determinations, because the trial court still must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

Accordingly, when a court considers a motion for summary judgment on a civil conspiracy claim, its evaluation of whether there is an issue of material fact must be conducted through the lens of the clear-and-convincing standard of proof. *Lozman v. Putnam*, 379 Ill. App. 3d 807, 828, 884 N.E.2d 756, 774 (Ill. App. Ct. 1st Dist. 2008) ("If a party relies solely on circumstantial evidence to prove a conspiracy claim, the heightened 'clear and convincing' standard is implicated by the summary judgment motion. To determine whether a genuine issue of fact exists, the trial court must consider the 'clear and convincing' standard of proof."); *Ray Dancer,* 230 Ill. App. 3d at 50, 594 N.E.2d at 1351 (Ill. App. Ct. 2d Dist. 1992) ("[I]n determining whether a "genuine" issue of material fact exists in the instant cause, we must consider whether a fact finder applying the "clear and convincing" evidentiary standard as to the conspiracy count…"); *Abell v. First Nat'l Bank in Shawneetown*, 153 Ill. App. 3d 946, 953, 506 N.E.2d 684, 689 (Ill. App. Ct. 5th Dist. 1987) (affirming summary judgment on a civil conspiracy claim because Plaintiff had not demonstrated a genuine issue of fact under the clear-and-convincing standard); *see also Anderson*, 477 U.S. at 255 (requiring the plaintiff at the summary judgment stage in a libel action to show actual malice by clear and convincing evidence); *Reed*, 124 Ill. 2d at 512, 530 N.E.2d at 481–82.

**b.** **The "Innocent Construction" Rule Also Applies at Summary Judgment.**

A corollary to the clear and convincing standard in civil conspiracy cases is the "innocent construction rule," which provides that words or actions cannot be given a sinister spin by the plaintiff's attorneys, but must be given their natural and obvious meanings. *See John v. Tribune Co.*, 24 Ill. 2d 437, 442, 181 N.E.2d 105, 108 (1962) (adopting the rule in a defamation context); *Tribune Co. v. Thompson*, 342 Ill. 503, 529, 174 N.E. 561, 571–72 (1930) (applying the rule in the civil conspiracy context). In the conspiracy context, the rule dictates that when the facts and circumstances relied on by the plaintiff are as consistent with innocence of conspiracy as with guilt, the court must find that the conspiracy has not been proved. *See id.*; *McClure*, 188 Ill. 2d at 140–41, 147, 720 N.E.2d at 261–62, 264. When the evidence is equally consistent with non-conspiracy as with conspiracy, it is insufficient as a matter of law to support a finding of conspiracy, and summary judgment must be granted. If an innocent construction of the evidence is available, the Court must adopt that construction rather than a conspiratorial inference. *See Rodarmel*, 957 N.E.2d at 131.

Like the clear-and-convincing-evidence standard, the innocent construction rule applies at the summary judgment stage. *See Anderson*, 477 U.S. at 254–55. It would make no sense to send a civil conspiracy case to the jury when the plaintiffs' only evidence is equally consistent with innocence of conspiracy as with guilt. *See McClure*, 188 Ill. 2d at 151–52, 720 N.E.2d at 267 (requiring entry of judgment for the defendants).

**4.** **Plaintiff's Evidence Is Insufficient Under the Principles of *McClure* and *Rodarmel* to Show Conspiracy.**

The Illinois Appellate Court strongly reaffirmed the principles of *McClure* in its opinion in *Rodarmel v. Pneumo Abex, LLC*, 957 N.E.2d 107 (Ill. App. Ct. 4th Dist. 2011). Under those principles, it is clear that there is insufficient evidence to support a finding of conspiracy.

- 14 -

Plaintiff has produced no evidence – no correspondence, no business records, no deposition testimony, nothing – that establishes that Owens-Illinois explicitly agreed with any of the alleged conspirators to withhold or suppress information about asbestos.   Whether an inference of agreement (there is again no direct evidence of agreement) is warranted can be evaluated only by determining if specific articulable facts supporting the proposed inference exist.

In order to survive summary judgment on the conspiracy claims, Plaintiff must therefore prove by clear and convincing evidence that: (1) Owens-Illinois agreed with the alleged conspirators; (2) to misrepresent and suppress information regarding the health effects of asbestos; (3) that one of the alleged conspirators committed a tortious or unlawful act in furtherance of the alleged conspiracy; (4) which act was the proximate cause of the decedents' injuries. *Reuter v. MasterCard Intern., Inc.*, 397 Ill. App. 3d 915, 927, 921 N.E.2d 1205, 1216 (Ill. App. Ct. 5th Dist. 2010); *see also Recio v. GR-MHA Corp.,* 366 Ill. App. 3d 48, 60–61, 851 N.E.2d 106, 117–18 (Ill. App. Ct. 1st Dist. 2006) (holding "proximate cause is still a required element of the cause of action for conspiracy," and where there was "no causal connection between the purported conspiracy and [decedent's] injury and subsequent death," plaintiff could not prevail on a conspiracy theory). Because Plaintiff has not and cannot produce such evidence, Owens-Illinois is entitled to judgment in its favor.

The Illinois Supreme Court in *McClure*, in evaluating similar claims of conspiracy against Owens-Illinois brought by the same plaintiffs' counsel as represent Plaintiff here, analyzed whether the various circumstantial evidence offered by the plaintiff in that case was sufficient to establish a conspiracy. In finding that it was not, *McClure* set forth several important guidelines for evaluating the sufficiency of evidence offered to establish a conspiracy.

a.    <u>Mere "Parallel Conduct" Is Insufficient to Prove Conspiracy.</u>

In *McClure*, the plaintiffs offered evidence to show that Owens-Illinois's conduct paralleled the conduct of others. The plaintiffs argued that this parallel conduct in combination with other acts made Owens-Illinois a conspirator, and liable for the bad acts of others. The others' bad conduct, on which the *McClure* plaintiffs put great emphasis (as does Plaintiff here), included attempts by Johns-Manville, Raybestos-Manhattan, Metropolitan Life Insurance, and others to alter or suppress scientific reports about asbestos, including different Saranac Laboratory studies, and evidence of the terrible conditions of other companies' plants. *McClure,* 188 Ill. 2d at 112–15, 720 N.E.2d at 247–49.

But the Illinois Supreme Court held that, even if there were evidence of parallel conduct among Owens-Illinois and other companies, "evidence of parallel conduct is insufficient to establish the agreement required by the civil conspiracy theory." *Id.* at 151, 267. Parallel conduct among members of the same industry, the Court reasoned, is "as consistent with innocence [of conspiracy] as with guilt," and "[r]equiring proof of more than parallel action to establish civil conspiracy liability is necessary to protect manufacturers from becoming insurers of their industry." *Id.* at 151, 141, 142, 720 N.E.2d at 267, 262. Thus, to the extent Plaintiff here relies upon conduct by Owens-Illinois that merely parallels that of an alleged conspirator, such allegations, even if proven, provide no basis for a conspiracy claim against Owens-Illinois. *See id.* at 117–18, 121, 143–44, 146, 720 N.E.2d at 250, 251, 263, 264 (holding that even if both Owens-Illinois and Owens Corning Fiberglas both failed to warn and called Kaylo "non-toxic," at most this was conduct parallel to others', and "insufficient to establish a conspiracy claim."). Similarly, *McClure* held that even if different companies behaved similarly with regard to the different research Saranac Laboratory performed for each of them, this is not a valid basis for a

conspiracy claim, because at most it shows parallel conduct. *Id.* at 113–14, 117, 146, 720 N.E.2d at 248, 250, 263–64.

> **b.     The Mere Exchange of Information Does Not Support an Inference of Agreement.**

In *McClure,* the plaintiffs offered evidence that Johns-Manville gave Owens Corning information about product warnings. *Id.* at 125–26, 254. This evidence did not relate to Owens-Illinois at all, but even as to Owens Corning, *McClure* held that "[t]he mere exchange of information by manufacturers of the same or similar products is a common practice . . . and does not support an inference of an agreement." *Id*. at 147, 720 N.E.2d at 265; *see also Rodarmel*, 957 N.E.2d at 129–30 (the fact that Johns-Manville assisted Bendix with a position paper on asbestos by providing information on the adverse health effects of asbestos did not lead to an inference of conspiracy).  The same rule applies to the exchange of information between Owens-Illinois and any other alleged conspirator, including Owens Corning Fiberglas.

> **c.     Owens-Illinois's Ordinary Business Contacts Are Not Evidence of Conspiracy.**

Prior to 1958, a portion of Owen-Illinois's business involved the manufacture of Kaylo, an asbestos-containing insulation product. Of course, Owens-Illinois purchased asbestos fibers to manufacture asbestos-containing Kaylo. Alleged conspirator Johns-Manville supplied some of those fibers and Plaintiffs claim alleged conspirator Unarco did too.  However, no reasonable inference of a conspiracy follows from this normal business contact, and such evidence is simply insufficient to create a genuine issue of material fact as to whether Owens-Illinois agreed to participate in a conspiracy. *McClure*, 188 Ill. 2d at 141, 720 N.E.2d at 262; *see Rodarmel*, 957 N.E.2d at 129 (Bendix's purchase of asbestos from Johns-Manville does not support an inference that they entered into an agreement to conceal the dangers of asbestos).

Similarly, Owens-Illinois's investment in Owens Corning, its agreement with Owens Corning for the distribution of Kaylo, and its eventual sale of the Kaylo division to Owens Corning are insufficient to support an inference of conspiracy. *McClure,* 188 Ill. 2d at 124–25, 720 N.E.2d at 253–54. Indeed, the Illinois Supreme Court has already concluded that the same categories of evidence as will be presented here are insufficient to support a finding of conspiracy against Owens-Illinois. *See McClure*, 188 Ill. 2d at 147, 720 N.E.2d at 264–65.

> **d.      Common Directors Between Owens-Illinois and Other Companies Is Not Sufficient Evidence of Conspiracy.**

Plaintiff may point to common directors between Owens-Illinois and Owens Corning Fiberglas, which occurred between 1938 and 1949, as evidence supporting an inference of conspiracy. As noted *Rodarmel*, however, inferring conspiracy from common directors is impermissible speculation. *Rodarmel,* 957 N.E.2d at 132. There is no evidence that any conspiratorial agreement was reached, discussed or facilitated by the Owens-Illinois Board of Directors or members of the Board who also served on the Owens-Corning Fiberglas Board. In fact, the Board Minutes demonstrate adherence to the corporate formalities as well as normal business conduct.

> **e.      The Combination of All of Plaintiff's "Evidence" Fails to Support an Inference of Conspiracy.**

Consequently, even putting all of Plaintiff's evidence together, Plaintiff would not have evidence sufficient to support a conclusion that Owens-Illinois was involved in the alleged conspiracy. All of the types of "evidence" that Plaintiff will claim support her conspiracy theory against Owens-Illinois have been analyzed by the Illinois Supreme Court and the Illinois Appellate Court and found insufficient to support an inference of agreement. Any "new" or "additional" evidence Plaintiff purports to have fails to support an inference of conspiracy for the

same reasons that the Illinois Supreme Court and the Illinois Appellate Court have rejected the evidence submitted by Plaintiff's counsel in prior cases.

>        **f.**      **Evidence of Differing Conduct Prohibits an Inference of Agreement.**

The alleged conspirators did not in fact act similarly with regard to warnings.  An expert witness who has been retained by Plaintiff's counsel in prior litigation has admitted as much and has also admitted that Owens-Illinois did not even communicate with other companies on the subject of whether warnings should or should not be placed on asbestos containing products. (*See* Dep. of Barry Castleman, January 4, 2012, at 131:24 – 133:13; 145:24 – 164:21, attached as **Ex. L.**)[5]  Not only does this evidence militate against a finding of conspiracy, it **prohibits** such an inference. *McClure*, 188 Ill. 2d at 148; *Rodarmel*, 957 N.E.2d at 130–31.  Plaintiff asks this Court to approve of this prohibited inference, despite the same evidence here.

>        **5.**      **Plaintiff Has No Evidence that an Act in Furtherance of the Alleged Conspiracy Caused Harm to Mr. Tom.**

Summary judgment is also properly granted in favor of Owens-Illinois because Plaintiff lacks sufficient evidence to establish proximate causation. Plaintiff is without any evidence whatsoever as to the frequency, regularity or proximity of any of Mr. Tom's alleged exposures to asbestos.  Without testimony that Mr. Tom frequently worked in close proximity to where an alleged co-conspirator's asbestos-containing product was regularly used, Plaintiff cannot establish proximate causation under Illinois law.  *Thacker v. UNR Indus.*, 151 Ill. 2d 343, 362–63, 603 N.E.2d 449, 458–59 (1992); *Recio v. GR-MHA Corp.*, 366 Ill. App. 3d 48, 60–61, 851 N.E.2d 106, 117–18 (Ill. App. Ct. 1st Dist. 2006) (holding that 'proximate cause is still a required element of the cause of action for conspiracy," and where there was "no causal

---

[5] Owens-Illinois does not concede, however, that Dr. Castleman has been properly disclosed in *this* case pursuant to Fed. R. Civ. P. 26(2)(B), as Plaintiff has filed neither a written nor signed report from Dr. Castleman.

connection between the purported conspiracy and [decedent's] injury and subsequent death,' plaintiff could not prevail on a conspiracy theory).

Lacking any evidentiary support, Plaintiff's conspiracy claims remain merely unsupported allegations. Under Illinois law, such speculative assertions are insufficient to withstand a motion for summary judgment, and Owens-Illinois is entitled to judgment in its favor with regard to Plaintiff's conspiracy claims. *Ridgewood Bd. Of Educ. V. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999); *Towner*, 275 Ill. App. 3d at 1031, 657 N.E.2d at 33; *Recio v. GR-MHA Corp.*, 366 Ill. App. 3d at 60–61, 851 N.E.2d at 117–18.

### 6.      Owens-Illinois Cannot Be Liable in Conspiracy in the Absence of a Duty Owed to Plaintiff.

Plaintiff also lacks any evidence sufficient to establish a duty owed to Mr. Tom by Owens-Illinois.  It is well settled that a defendant cannot be held liable unless it owed a duty to the plaintiff and it breached that duty, causing harm to the plaintiff. *Bajwa v. Met. Life Ins. Co.*, 208 Ill. 2d 414, 804 N.E.2d 519 (Ill. 2004).  The question of duty is one of law for the Court, particularly suited to resolution on summary judgment. *Emerson v. Adult Community Total Svc., Inc.,* 848 F. Supp. 44, 45 (E.D.Pa. 1994); *Marshall v. City of Centralia,* 143 Ill. 2d 1, 6, 570 N.E.2d 315 (Ill. 1991).

In this case, Plaintiff asks the Court to impose unprecedented and limitless legal duties on Owens-Illinois, despite case law which holds that reasonable limits must be placed on a manufacturer's liability. *McClure,* 188 Ill. 2d at 142, 720 N.E.2d at 262 ("Requiring proof of more than parallel conduct to establish civil conspiracy liability is necessary to protect manufacturers from becoming insurers of their industry."); *Smith v. Eli Lilly & Co.,* 137 Ill. 2d 222, 266–67; 560 N.E.2d 324, 344 (Ill. 1990) (reiterating that manufacturers are not "insurers" of their industry or their products and a "logical limit" must be placed on their liability).  There is

- 20 -

neither legal nor factual support for imposing such a far-reaching duty under the circumstances here.

Owens-Illinois cannot be held liable to Plaintiff under a theory of civil conspiracy, because it did not owe any duty to the Plaintiff under Illinois law. *See Doe v. Noe*, 293 Ill. App. 3d 1099, 1114, 690 N.E.2d 1012 (Ill. App. Ct. 4th Dist. 1997) (holding that no conspiracy can be stated when there is no independent duty to the plaintiff on the part of the defendant) (vacated and remanded on other grounds by *Majca v. Beekil*, 183 Ill. 2d 407, 701 N.E.2d 1084 (1998); *Greene v. First Nat'l Bank of Chicago*, 162 Ill. App. 3d 914, 922, 516 N.E.2d 311, 316 (Ill. App. Ct. 1st Dist. 1987) (affirming the dismissal of a civil conspiracy claim because the plaintiff failed to allege that the defendant owed *her* a duty); *Plastics & Equip. Sales Co., Inc. v. DeSoto, Inc.*, 91 Ill. App. 3d 1011, 1018, 415 N.E.2d 492, 498 (Ill. App. Ct. 1st Dist. 1980) (holding that a defendant cannot be liable for conspiring to deal with others when it had no duty to deal exclusively with the plaintiff); *Goetz v. Avildsen Tool & Machines, Inc.*, 82 Ill. App. 3d 1054, 1063, 403 N.E.2d 555, 563 (Ill. App. Ct. 1st Dist. 1980) (finding that plaintiff failed to state a cause of action for conspiracy against defendants because he did not set forth ultimate facts giving rise to a duty owed by defendants to plaintiff); *In re Welding Fume Prod. Liability Litig.*, 526 F. Supp. 2d 775, 795–95, 805 (N.D. Ohio 2007) (holding defendant had no duty to warn plaintiffs who never used a product manufactured by defendant and that such a duty did not arise by virtue of membership in a trade association; granting summary judgment for defendant on product liability and conspiracy claims). *But see McClure v. Owens Corning Fiberglas Corp.*, 298 Ill. App. 3d 591, 599, 698 N.E.2d 1111, 1117 (Ill. App. Ct. 4th Dist. 1998) ("[w]ithout addressing the merits of *Doe*," the court suggested in dicta that the doctor-patient relationship at issue in *Doe* was different than that presented in an asbestos conspiracy case), *reversed*, 188 Ill.

2d at 141, 720 N.E.2d at 262 (without addressing the Fourth District's comment on *Doe*, the Illinois Supreme Court reiterated that "manufacturers are not insurers of their industry").[6]

In fact, other courts have examined this issue and found that Owens-Illinois cannot be held liable in conspiracy to a person who was never exposed to an Owens-Illinois product.  For instance, in *Chavers v. Gatke Corp.*, 107 Cal. App. 4th 606 (2003), the plaintiffs conceded they had no evidence that they were exposed to products manufactured by Owens-Illinois, but alleged that the defendants were liable nonetheless based on theories of civil conspiracy.  *Id.* at 610.  The trial court refused to instruct the jury on the civil conspiracy claims, and the court of appeals affirmed that decision, noting that conspiracy is not an independent tort, and requires the defendant to owe a legal duty of care to the plaintiff.  *Id.* at 615.  Because the plaintiff admitted he was never exposed to Owens-Illinois products, the defendant owed no independent duty to the plaintiff on which civil conspiracy liability could be premised.  *Id.; see also In re Welding Fume Prod. Liability Litig.,* 526 F. Supp. 2d at 795–95, 805 (holding defendant had no duty to warn plaintiffs who never used a product manufactured by defendant and thus no liability under a conspiracy theory); *1-800 Contacts, Inc. v. Steinberg,* 107 Cal. App. 4th 568, 590 (2003) (holding there is no liability for conspiracy to breach a duty unless defendant actually owes plaintiff such a duty); *Everest Investors 8 v. Whitehall Real Estate Ltd. P'ship XI*, 100 Cal. App. 4th 1102, 1106 (2002) (same; noting that a conspiracy "must be activated by the commission of

---

[6]   The Illinois Supreme Court has recently rejected the Illinois Fourth Appellate District's "asbestos-is-different" jurisprudence and re-affirmed that precedent from non-asbestos cases is applicable in asbestos matters.  *See Nolan,* 2009 WL 1012147, at *15 (rejecting the Fourth District's distinction, expressed in *Spain v. Owens Corning Fiberglas Corp.,* 304 Ill. App. 3d 356, 710 N.E.2d 528 (Ill. App. Ct. 4th Dist. 1999) and elsewhere, that medical malpractice precedent was inapplicable to asbestos cases).  Accordingly, the rejection of the *Doe v. Noe* result by the Fourth District in *McClure* should be reconsidered in light of *Nolan* and viewed in light of the Illinois Supreme Court's reversal of the Illinois fourth Appellate District in *McClure*, albeit without needing to reach the issue of whether a duty could be owed.

an actual tort").  The record does not support the existence of an independent duty of Owens-Illinois to warn Mr. Tom of the hazards of asbestos.  Thus, because Owens-Illinois had no independent duty to warn Mr. Tom of any hazards associated with asbestos exposure, Plaintiff's conspiracy claims fail.  *See* Mark A. Behrens & Christopher E. Appel, *The Need for Rational Boundaries in Civil Conspiracy Claims*, 31 N. ILL. U. L. REV. 37, 40 (2010) ("[R]equiring a defendant to have an independent duty to the plaintiff – based on the existence of a relationship between the plaintiff and defendant – provides a necessary, rational boundary to otherwise amorphous civil conspiracy claims. Unless courts require this core element, civil conspiracy law is prone to abuse.").

### C.  Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's Loss of Consortium Counts (Counts 3, 6, 9).

Owens-Illinois is entitled to summary judgment as a matter of law on Plaintiff's loss of consortium claims because it is undisputed that Plaintiff did not marry Mr. Tom until after his last alleged exposure to asbestos.

Plaintiff and Mr. Tom were married in 1993.  (*See* Linda Ellis Dep., Oct. 1, 2010, 7:8–12, attached as **Ex. M**.)  Plaintiff's Amended Complaint alleges that Mr. Tom was last exposed to asbestos in 1979.  (Am. Compl. at Count 1, ¶¶ 3–4)  Plaintiff does not allege that Mr. Tom was exposed to asbestos in the 1980s, 1990s, or 2000s.

Under Illinois law, a spouse cannot maintain a loss of consortium claim where the conduct giving rise to the injury occurred before the couple's marriage.  *Monroe v. Trinity Hosp.*, 345 Ill. App. 3d 896, 803 N.E.2d 1002 (Ill. App. Ct. 1st Dist. 2003).  In *Monroe*, the Illinois Appellate Court held that "consortium involves the rights and privileges inherent in the marital relationship [and] where no marital relationship exists, a defendant cannot owe a duty to refrain from interfering in that relationship."  *Id.* at 899, 803 N.E.2d at 1005.  *Monroe* also expressly

held that the discovery rule does not apply to preserve a loss of consortium claim when the injury is discovered after the couple's marriage.  *Id.* at 900, 803 N.E.2d at 1006.  The *Monroe* court extensively analyzed and rejected the reasoning of a Michigan case which applied the discovery rule to preserve a wife's loss of consortium claim in an asbestos case, even though her husband's alleged exposure occurred before their marriage.  *Id.* at 899, 803 N.E.2d at 1005.

Thus, under Illinois law, it is clear that Plaintiff cannot maintain a loss of consortium claim based on Mr. Tom's alleged asbestos-related injury because she did not marry him until after his alleged exposure.  Because Plaintiff and Mr. Tom were not married at the time of Mr. Tom's alleged exposure, none of the alleged conspirators could have owed a duty to Plaintiff at the time of Mr. Tom's alleged exposure.  Accordingly, Owens-Illinois is entitled to summary judgment on Plaintiff's loss of consortium claims.

## IV.  <u>CONCLUSION</u>

For these reasons, Owens-Illinois is entitled to summary judgment.


Dated:  July 11, 2012                           Respectfully submitted,


                                    By: /s/ Brian O. Watson
                                        Matthew J. Fischer
                                        Stephen M. Copenhaver
                                        Brian O. Watson
                                        Schiff Hardin LLP
                                        233 S. Wacker Dr. Suite 6600
                                        Chicago, Illinois  60606
                                        (312) 258-5500
                                        (312) 258-5600 (facsimile)

                                        *Attorneys for Defendant*
                                        *Owens-Illinois, Inc.*

CH2\11521057.1